No. 721      July 29, 2026      853

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JIM JOSEPH VANECEK,
*Defendant-Appellant.*

Marion County Circuit Court
18CR69480; A179180

J. Channing Bennett, Judge.

Argued and submitted May 13, 2025.

Neil Francis Byl, Deputy Public Defender, argued the cause for appellant. Also on the briefs was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Oregon Public Defense Commission.

Doug M. Petrina, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Shorr, Presiding Judge, Powers, Judge, and Pagán, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this criminal case, defendant appeals from a judgment of conviction for two counts of first-degree sexual abuse. In his first three assignments of error, defendant argues that the trial court erred by (1) allowing the state to amend the indictment to remove language providing that the criminal conduct for the two counts was part of the "same act or transaction"; (2) submitting a special verdict form to the jury instructing it to determine whether the counts were "separate criminal episodes"; and (3) ultimately imposing consecutive sentences. We conclude that defendant did not preserve his first three assignments of error. Because defendant did not request plain-error review, we do not reach the merits of his arguments. In his fourth assignment, defendant contends that the trial court abused its discretion under OEC 403 by denying his motion to redact a portion of a police interview. We conclude that the trial court did not abuse its discretion. Accordingly, we affirm.

Although the parties are familiar with the factual and procedural history, we set forth a brief recitation of the undisputed procedural facts for context in this nonprecedential memorandum opinion. Defendant was convicted of two counts of first-degree sexual abuse for conduct in which he subjected a child under 14 years old to sexual contact by touching her vagina (Count 4) and her breasts (Count 5).[1] The indictment originally alleged that Count 5 was "part of the same act or transaction as alleged in Count 4."

When the trial court and the parties were discussing jury instructions after the close of evidence, the court noted that, as part of the verdict form, the jury would be asked whether Counts 4 and 5 were "separate criminal episodes." Defendant, who was representing himself with the aid of a legal advisor, objected and asserted that "the charging instrument itself reads it as a single course of action, a single episode." The court responded, "Well, it gives a date range. And there was testimony of different times. And so that's for the jury to decide. And it determines the

---

[1] Defendant was charged with three other counts, but those counts were dismissed prior to trial on the state's motion and are not at issue in this appeal.

ability of consecutive \*\*\* not consecutive." The court and defendant continued to discuss the jury instruction, with defendant repeating his argument that the state charged "one action." The state contended that it understood defendant's argument to be a demurrer issue if defendant was unclear on what acts Counts 4 and 5 applied to. In the alternative, the state explained that, if the court determined that the particular finding on the verdict form would not apply because of the charging instrument, the state would ask the court to modify the indictment based on the evidence presented in court.

Ultimately, the court ruled on the issue the next morning, explaining that it was going to strike the "same act or transaction" language from Count 5 on the indictment. The court reasoned that the amendment would conform to the evidence presented at trial and that it did not change any element of the crimes. The court further explained that the jury would determine whether the counts were "separate criminal episodes." Defendant again objected: "I object to the changing of the indictment. That's—that's pretty much it."

During jury deliberations, the jury asked a question seeking clarification on the definition of "separate" in the context of "separate criminal episode." Defendant again asserted that he objected because the "indictment was as one included thing." Defendant was ultimately convicted of both counts, and the jury found that the acts were part of separate criminal episodes. At sentencing, defendant renewed his argument, contending that "I would ask for 75 months under the grounds that I was charged as both of those issues being the same thing." The court sentenced defendant to two 75-month consecutive sentences for a total of 150 months.

On appeal, defendant combines his argument on his first three assignments of error and makes two primary contentions. First, defendant contends that the trial court erred in allowing the state to amend the indictment because the indictment was not defective and the amendment necessarily changed the act upon which the grand jury had based the charge. Therefore, defendant maintains that he was

unconstitutionally tried and convicted for a different crimi-
nal act than what the grand jury found. Second, defendant
asserts that judicial-estoppel principles prohibited the state
from alleging that the two counts were part of the same act
or transaction for purposes of obtaining an indictment and
subsequently arguing at sentencing that the counts were
separate criminal episodes for purposes of consecutive sen-
tences. We conclude that defendant failed to preserve the
arguments he now raises on appeal. *See generally State v.
Wyatt*, 331 Or 335, 341, 15 P3d 22 (2000) (explaining that the
general rule is that "an issue not preserved in the trial court
will not be considered on appeal"); ORAP 5.45(1) (allowing
discretionary review of "plain" errors).

    Before the trial court, as briefly described above,
defendant objected to the amendment to the indictment,
the special verdict form, and the court imposing consecutive
sentences, asserting that the state had charged a single act
or course of conduct and not separate criminal episodes. On
appeal, however, defendant contends that the root of all his
objections was that it was unlawful for the state to charge
him with acts that constituted the same act or transaction
yet seek convictions and sentences for acts that took place
during separate criminal episodes because those acts neces-
sarily could not be the same acts that were charged in the
indictment. We disagree with defendant's assertion. At trial,
defendant did not make the argument that he now makes
on appeal—*viz.*, that removing the "same act or transac-
tion" language violated his constitutional right to be "tried
only for the specific criminal act as to which the grand jury
handed down the indictment." *State v. Long*, 320 Or 361, 370
n 13, 885 P2d 696 (1994), *cert den*, 514 US 1087 (1995) (citing
Or Const, Art VII (Amended), § 5(3)).

    Although defendant made repeated objections, his
objections were not specific enough to put the state on notice
that he was arguing that the state had to provide evidence
of what it presented to the grand jury to demonstrate that
defendant was not convicted based on facts that were not
found by the grand jury. *See State v. Daniels*, 261 Or App
519, 525, 323 P3d 491, *rev den*, 355 Or 668 (2014) (observing
that if the "defendant raised that issue below, the prosecutor

might have been able to show, for example, that the same evidence that was presented at trial was also presented to the grand jury"); *see also Wyatt*, 331 Or at 343 (explaining that "a party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted").

For the same reasons, we conclude that defendant did not preserve his judicial-estoppel argument. *See State v. Dent*, 324 Or App 167, 176 n 4, 525 P3d 487 (2023) (observing that the state had charged the defendant with crimes as part of a common scheme or plan but that the state took the opposite position at sentencing to obtain the longest sentence possible, and concluding that because the defendant "did not raise any constitutionally-based or estoppel-based challenges to the sentence below, we do not engage with the issue any further"). Therefore, because defendant did not preserve his arguments and did not request plain-error review, we decline to reach the merits of his first three assignments of error. *See State v. Ardizzone*, 270 Or App 666, 673, 349 P3d 597, *rev den*, 358 Or 145 (2015) (explaining that "we ordinarily will not proceed to the question of plain error unless an appellant has explicitly asked us to do so").

We turn to defendant's fourth assignment, in which he contends that the trial court erred by failing to redact a portion of a police interview. The state sought to admit a recorded police interview of defendant as evidence at trial and explained that it had redacted any mentions of prior sentences, prison, the victim wanting him arrested, and a polygraph. Defendant asserted that he also wanted his statements redacted that were part of the following exchange during the interview:

> "[DETECTIVE:]    * * * So if you do have something that you can show to me or that you can give me or tell me that would help me to believe that, that would make me move in that direction, where I can say, 'You know what, maybe this didn't actually happen,' then I'd like to know about it.

"[DEFENDANT:] I've been burnt so many times (indiscernible) just make it so that you guys don't bring up any of that so I can't prove that I didn't do it.

"[DETECTIVE:] That doesn't make sense. I don't understand. I mean, maybe it makes sense. I just—I just don't understand what you're saying."

The trial court denied defendant's motion to redact his statement "I've been burnt so many times," reasoning that the jury would not know about defendant's prior convictions, and that the statement did not reference prison time or a prior act and the statement was defendant's own words. On appeal, defendant contends that the court abused its discretion under OEC 403 because the probative value was substantially outweighed by the danger of unfair prejudice—specifically because his statement about being "burnt so many times" referred to his experience of being accused and convicted of similar crimes in the past. The state remonstrates that the probative value was not outweighed by a danger of unfair prejudice. According to the state, the probative value of the statement was that the statement was defendant's own words from questioning about the charged crimes during a portion of the interview where defendant was claiming that he had exculpatory evidence but did not identify what that evidence was. The state maintains that the probative value was not substantially outweighed by a danger of unfair prejudice because the statement in context was vague and it was speculative what he was referring to when he made the "burnt so many times" statement.

Under OEC 403, relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." Although we examine whether the trial court properly applied the OEC 403 balancing test for errors of law, we review the trial court's ultimate determination as to whether evidence is unfairly prejudicial under OEC 403 for abuse of discretion. *State v. Boauod*, 302 Or App 67, 72-73, 459 P3d 903 (2020). In evaluating a trial court's discretionary ruling, we assess whether the court's decision falls within the range of legally permissible choices. *Id.* at 73.

We conclude that the trial court did not abuse its discretion under the circumstances of this case. The court

considered the probative value of the statement, which was to challenge other statements that defendant made, and determined that, despite the potential interpretations of the statement and the risk of some prejudice, the statement was "not overly prejudicial or burdensome" on defendant. The court emphasized that the statement did not directly mention prison or prior convictions and that the statement was defendant's own *Mirandized* words. Therefore, given the context of the statement and the lack of a specific reference to other crimes, we conclude that the trial court's determination that the statement was not overly prejudicial was within the range of legally permissible options.

Affirmed.